# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JINGZHONG FU，<br><br>     Plaintiff,<br><br>  v.<br><br>THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>     Defendants. | Civil Action No. 2:26-cv-01568<br><br>JURY TRIAL DEMANDED<br><br>FILED UNDER SEAL |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Jingzhong Fu ("Fu" or "Plaintiff") sues The Partnerships, And Unincorporated Associations Identified In Schedule "A", hereto (collectively, "Defendants"). Defendants have infringed, and continue to infringe, the claimed design of Plaintiff's United States Patent No. ▮▮▮▮▮ ("Asserted Patent" as further defined below) by having manufactured, importing, offering for sale, and selling a ▮▮▮▮▮▮ ▮▮▮▮▮▮▮ or the "Infringing Products") through online commerce platforms including, but not limited to Amazon.com ("Online Marketplaces"), in direct competition with the ▮▮▮▮▮▮ sold by Plaintiff without authorization. In support of its claims, Plaintiff alleges as follows:

### NATURE OF LAWSUIT

1. Fu is the owner of all rights, title and interest in the Asserted Patent.

2. The design claimed in the Asserted Patent covers a new ▮▮▮▮▮▮ that delivers improved stability and exercise performance during workouts, as shown below in Figure 1 of the Asserted Patent:

1



**Claim 1 of the Asserted Patent**

3.      Fu sells a ▮▮▮▮▮▮ embodying the design of the Asserted Patent through its distributors on several ecommerce platforms, such as Amazon.com.

4.      Below is a side-by-side comparison of Plaintiff's ▮▮▮▮▮▮ and Defendants' knockoff Infringing Products:

| *Plaintiff's Product* | *Defendants' Infringing Products* |
|---|---|
|  | |

2

5.      The Infringing Products are substantially identical to each other (and the same in all respects to infringement of the Asserted Patent) and substantially identical to Plaintiff's ████████████ (such that consumers are likely to be confused), and Defendants' sale of Infringing Products not only infringes the Asserted Patent but also is likely to confuse the consuming public and erode confidence in the market. Specifically: (a) all Infringing Products are nearly structurally identical to the claimed design and Fu's product, and all Defendants are intertwined in a web of infringement such that joinder of Defendants is appropriate under the circumstances. *See Aquapaw Brands LLC v. Yan Peng, et al.*, No. 2:21-cv-01784-CCW, 2022 WL 3019807, at *3 (W.D. Pa. Jul. 29, 2022) ("deciding whether a product is the 'same' for purposes of joinder under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies. *See In re Apple Inc.*, 650 App'x 771, 774 (Fed. Cir. 2015)" and finding "while some of Defendants' products are superficially different from each other's (e.g., different colors), the products are the same in all respects relevant to the patent.").

6.      Defendants' importation, offer for sale, and sale of the Infringing Products in the United States all arise from the same transaction, occurrence, or series of transactions or occurrences. Specifically, Defendants are all importing, offering to sell, and selling products believed to be made by the same foreign manufacturer, the identity of which is unknown to Plaintiff and concealed by Defendants. For example, Defendants' Amazon.com listings for the Infringing Products do not identify the true "manufacturer" of the Infringing Products but, rather, misleadingly identify the seller as the "manufacturer," deceiving the consuming public as to the source of the goods sold (and preventing Plaintiff from identifying the party responsible for the manufacture of the Infringing Products).

3

7.    Accordingly, this Complaint sets forth claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PLAINTIFF

8.    Fu is an individual currently residing in China.

9.    Fu, as the assignee of the Asserted Patent, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. ███████ which issued on ████████████████████ (a true and correct copy is attached as Exhibit 1) (the "Asserted Patent").

10.    No license or other rights to the Asserted Patent has been granted to any Defendant in this action.

11.    Fu currently sells and offers for sale ██████████ in the United States through online platforms such as Amazon.com, which products embody the claimed design of the Asserted Patent.

## DEFENDANTS

12.    Defendants are individuals and business entities of unknown makeup, each of whom, upon information and belief, reside or operate in foreign jurisdictions and redistribute products from the same or similar sources in those foreign locations. Defendants have the capacity to be sued pursuant to Federal Rules of Civil Procedure 17 (b).

13.    Defendants have manufactured on their behalf, import, offer for sale, and sell the Infringing Products, without Plaintiff's authorization, which Infringing Products infringe one or more claims of the Asserted Patent. Defendants' Infringing Products are sold through Online Marketplaces in direct competition with Plaintiff's ██████████ on Amazon.com, Temu.com, and Walmart.com (and some Online Marketplace Amazon.com listings use images of Fu's

4

████████     as advertisement for unauthorized ████████ ). Defendants are not licensees to the Asserted Patent; Defendants pay no royalties on sales of Defendants' Infringing Products; and Defendants are causing price erosion through the sale of the Infringing Products to Plaintiff's detriment.

14.    Defendants' Infringing Products consist of a substantially identical design for the ████████ featuring similar shape, size, and design elements as shown in the figures of the claimed design of the Asserted Patent. The chart below compares the ████████ design of the claimed patent against the corresponding features of the Infringing Products:

| Asserted Patent | Defendants' Infringing Products |
|---|---|
|  | |



See Exhibit 2.

15.    There is an immense variety of ███████████████████ on the market featuring varied frame and grip configurations, as shown below. That the Infringing Products are nearly identical to the claimed design cannot be a coincidence; it is evident that Defendants simply copied the design claimed in the Asserted Patent.



16.     Defendants direct their business activities toward consumers in the United States, including in this Judicial District, through their operation of pseudo-anonymous online commerce storefronts ("Online Storefronts") available in Online Marketplaces, including but not limited to Amazon.com.

17.     Defendants use aliases in conjunction with the operation of their business as set forth in Schedule "A" hereto.

18.     Defendants have infringed, and continued to infringe, the Asserted Patent through their sales and offers for sale of the Infringing Products via their Online Storefronts (which products Defendants had manufactured on their behalf and imported into the United States).

19.     Defendants are willfully promoting, advertising, distributing, having manufactured, importing, offering for sale, and selling the Infringing Products (which infringe one or more claims of the Asserted Patent) to consumers in the United States, and this Judicial District, through Online Marketplaces using the seller identifiers set forth in Schedule "A" ("Seller IDs") and other aliases not yet known to Plaintiff. Defendants have purposefully directed some portion of their unlawful activities toward consumers in Pennsylvania (including this Judicial District) through their promotion, advertisement, distribution, importation, offer for sale, sale, and shipment of Infringing Products into this Judicial District. All Defendants stand ready, willing, and able to ship the Infringing Products to consumers in Pennsylvania and this Judicial District.

20.     Defendants also engage in deceptive conduct by using misleading descriptions (*e.g.*, manufacturer identification) associated with the Infringing Products sold through their Online Storefronts. Upon information and belief, at least some Defendants also inflate the number of reviews for Infringing Products by selling their Infringing Products through Online Storefronts that already have reviews from other (often unrelated) products. Upon information and belief, at least some Defendants have engaged in other improper practices to manipulate the ratings and reviews associated with their Infringing Products, a common tactic by foreign sellers.

21.     In order to sell through Online Marketplaces, Defendants must register, establish or purchase, and maintain Online Storefronts and Seller IDs associated therewith. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of their Online Storefronts and Seller IDs by providing false and misleading information to the operators of the Online Marketplaces during the registration or maintenance process related to their respective Seller IDs. Upon information and belief, Defendants have anonymously registered and maintained some Seller IDs for the sole purpose of engaging in

8

unauthorized, deceptive, and infringing activities, without regard for United States laws.

22.    Upon information and belief, Defendants will continue to register or acquire new Seller IDs and aliases for the purpose of offering for sale and selling Infringing Products unless enjoined.

23.    Defendants' business names, Seller IDs, associated payment accounts, and any other aliases used in connection with the sale of the Infringing Products are essential components of Defendants' online activities and are the means by which Defendants perpetuate their infringement scheme and harm Plaintiff.

## JURISDICTION AND VENUE

24.    This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338 (a).

25.    Personal jurisdiction over a non-resident of the State in which the Court sits is proper to the extent authorized by the state's laws. Fed. R. Civ. P. 4 (e). Pennsylvania authorizes personal jurisdiction over each Defendant pursuant to § 5322 of the Pennsylvania Consolidated Statutes, Title 42, which provides in pertinent part:

(a) **General Rule.** A tribunal of this Commonwealth may exercise personal jurisdiction over a person … who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1)  Transacting any business in this Commonwealth [including, but not limited to:]…

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby

realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(iii)    The shipping of merchandise directly or indirectly into or through this Commonwealth.

(iv)    The engaging in any business or profession within this Commonwealth.

*** 

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

*** 

(10)    Committing any violation within the jurisdiction of this Commonwealth of any statute … or rule or regulation promulgated thereunder by any government unit.

(b) **Exercise of full constitutional power over nonresidents.** In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

42 Pa. Cons. Stat. § 5322.

26.    Federal Rules of Civil Procedure 4 (k) confers personal jurisdiction over the Defendants because, Defendants regularly conduct, transact, and solicit business in Pennsylvania

and in this Judicial District and, upon information and belief, derive substantial revenue from their business transactions in Pennsylvania and in this Judicial District. Defendants have availed themselves of the privileges and protections of the laws of Pennsylvania, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process. Defendants should reasonably expect that their acts of patent infringement in Pennsylvania would subject them to legal action in Pennsylvania and this Judicial District. For example:

a.      At all relevant times, Defendants have directed their business activities at consumers in Pennsylvania via Online Marketplaces, through which consumers in Pennsylvania can view Defendants' Online Storefronts, communicate with Defendants regarding Defendants' Infringing Products, and place orders for, purchase, and receive delivery of Defendants' Infringing Products in Pennsylvania.

b.      Defendants directly sold infringing products into Pennsylvania and into this district. (See Exhibit 3, Proof of Defendants' sales into Pennsylvania.)

c.      Defendants are sophisticated sellers through Online Marketplaces, each operating one or more commercial businesses through which Defendants operate Online Storefronts to promote, advertise, distribute, offer for sale, and sell the Infringing Products imported into the United States.

d.      Defendants (although foreign entities) accept payment in U.S. Dollars and offer shipping to Pennsylvania and this Judicial District (and calculate tax based on sales into Pennsylvania and this Judicial District).

e.      Upon information and belief, Defendants have cooperated, communicated, shared information, and coordinated their efforts in order to create an infringing marketplace operating in

11

parallel to the legitimate marketplace of Plaintiff and third parties authorized to sell products embodying the limitations of the claims of the Asserted Patent, Including: employing and benefitting from substantially similar paid advertising, marketing, and advertising strategies (*e.g.*, search engine optimization or "SEO"), in order to make their Online Storefronts appear more relevant and target a consumer searching for a "████████r" or other similar description of the infringing subject matter. By their actions, in addition to the damages associated with unauthorized use of Plaintiff's Asserted Patent, Defendants are causing concurrent and indivisible harm to Plaintiff and the consuming public by: (1) depriving Plaintiff of its right to fairly compete for space within the various Online Marketplaces' search results and reducing the visibility of Plaintiff's ████████ in the various Online Marketplaces; (2) diluting and eroding the retail market price for Plaintiff's ████████; (3) causing overall degradation of the value of goodwill associated with Plaintiff's ████████ embodying the design of the Asserted Patent generally; and (4) increasing Plaintiff's overall cost to market its goods and educate consumers about ████████.

f.      Defendants are concurrently targeting their infringing activities toward consumers in, and causing harm in, Pennsylvania.

g.      Defendants reside and operate in foreign jurisdictions with lax patent enforcement systems and are cooperating by creating an illegal stream of infringing goods. (See, *e.g.*, https://sellerdefense.cn/). Defendants regularly remove and add products from their Online Storefronts, making it extremely difficult to enforce Plaintiff's intellectual property under the laws of the United States (as evidenced by Plaintiff's previous use of the Amazon.com PNE process, which was successful until new listings emerged to take the place of the removed listings).

h.      Upon information and belief, Defendants are aware of Plaintiff and the Asserted Patent and are aware that their infringement is likely to cause harm to Plaintiff in the United States,

Pennsylvania, and this Judicial District.

i.      Plaintiff is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized sale of the Infringing Products in direct competition with Plaintiff's ███████████ .

27.     Venue in this judicial district is proper, *inter alia*, under 28 U.S.C. §§ 1391 and 1400(b): Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business from this Judicial District and, upon information and belief, conduct and transact significant business in this Judicial District.

**DEFENDANTS' UNFAIR AND DECEPTIVE CONDUCT**

28.     Defendants are, through at least their Online Storefronts operated under Defendants' Seller IDs, promoting, advertising, distributing, offering for sale, and selling the Infringing Products, the ██████████ that infringe at least one claim of the Asserted Patent.

29.     Defendants are marketing the Infringing Products through unfair, deceptive, and fraudulent means. Specifically, Defendants have made, and continue to make, false claims as to the source or origin of the Infringing Products, as Defendants regularly fabricate the "manufacturer" listed on Defendants' Online Storefronts. Upon information and belief, Defendants import, offer for sale, and sell the Infringing Products, which are believed to be made by the same foreign entity (or closely related entities); however, Defendants regularly mis-identify the "manufacturer" as someone else when, in fact, they do not manufacture the Infringing Products. Defendants' intentional concealment of the manufacturer of the Infringing Products has prevented Plaintiff from confirming the identify thereof.

30.     Defendants have engaged, and continue to engage, in industry-wide cooperation with respect to the product design and manufacture of the Infringing Products. Even if Defendants

have not engaged in direct concerted action, the "independent" acts of Defendants have nevertheless concurred to produce indivisible harmful consequences to Plaintiff.

31.    Upon information and belief, Defendants are (in violation of Amazon.com's terms of service) piggy-backing multiple products through the same listings, which allows the ratings for one product to impute to the Infringing Products (thereby increasing the ratings for Infringing Products and creating the opportunity for Defendants to acquire "badges" such as "Best Seller" or "Amazon's Choice."). Because consumers look to the review count of products in making purchasing decisions, inflated review counts deceive customers as to the popularity and quality of products being sold, a deceptive practice that has resulted in actions brought by the Federal Trade Commission ("FTC"). (See, e.g., https://www.ftc.gov/news-events/news/press-releases/2023/02/ftc-charges-supplement-marketer-hijacking-ratings-reviews-amazoncom-using-them-deceive-consumers). Relatedly, upon information and belief, Defendants are improperly attempting to generate increased ratings through fake or paid-for reviews.

32.    Defendants have engaged in the aforementioned improper conduct in addition to Defendants' infringement of the Asserted Patent.

33.    As part of Defendants' overall infringement scheme, Defendants are, upon information and belief, concurrently employing and benefiting from substantially similar advertising and marketing strategies designed to make the Infringing Products appear more relevant and attractive to consumers online. By their actions, Defendants are contributing to the creation and maintenance of an unauthorized marketplace that is operating in parallel to the legitimate marketplace for Plaintiff's ███████ authorized to be sold by Plaintiff.

34.    The foregoing unfair and deceptive conduct by Defendants has caused, and will continue to cause, individual, concurrent, and indivisible harm to Plaintiff and the consuming

public. Specifically, Defendants are: (1) depriving Plaintiff of its right to fairly compete for space within the various Online Marketplaces' search results and reducing the visibility of Plaintiff's ██████████ the various Online Marketplaces; (2) diluting and eroding the retail market price for Plaintiff's ██████████ ; (3) causing overall degradation of the value of goodwill associated with Plaintiff's ██████████ embodying the claimed design of the Asserted Patent generally; and (4) increasing Plaintiff's overall cost to market its goods and educate consumers about Plaintiff's ██████████

35.     Plaintiff confirmed that each Defendant was, and is currently, offering for sale and selling the Infringing Products to the consuming public via Defendants' Online Storefronts using their Seller IDs. Plaintiff has confirmed that Defendants provide shipping, have actually shipped, and/or stand ready, willing, and able to ship the Infringing Products to customers located within this Judicial District. Plaintiff was able to purchase at least one product from each Defendant with shipment thereof to Pennsylvania (in this Judicial District), establishing at the pleading stage that personal jurisdiction over each Defendant named in the Schedule A exists.

36.     In addition to the above-described unfair and deceptive activities, Defendants are infringing the Asserted Patent knowingly and intentionally, or at least with reckless disregard or willful blindness to Plaintiff's rights in the Asserted Patent. If Defendants' infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

37.     Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias online commerce stores, seller identification names, domain names, or websites being used or controlled by them.

38.    Upon information and belief, Defendants are likely to transfer or hide their assets to avoid payment of any monetary judgment awarded to Plaintiff.

39.    Given the likelihood that Defendants will simply transfer money from their accounts and open new product listings to continue selling the Infringing Products, Plaintiff has no adequate remedy at law. Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful infringement of at least one claim of the Asserted Patent.

40.    The harm and damages sustained by Plaintiff has been directly and proximately caused by Defendants' Infringement of the Asserted Patent in the United States.

## COUNT I:

## DEFENDANTS' DIRECT INFRINGEMENT OF U.S. PATENT NO. D774,846

41.    Plaintiff realleges and incorporates by reference paragraphs 1-40, inclusive, as though fully set forth herein.

42.    Defendants have directly infringed, and continue to infringe, the claimed design of the ▮▮▮▮▮▮▮. (*See* Exhibit 2, a claim chart comparing the claimed Design of the ▮▮▮▮▮▮ to each of the Infringing Products sold by Defendants).

43.    Plaintiff's ▮▮▮▮▮▮ claims a design for a ▮▮▮▮▮▮ .

44.    Defendants' Infringing Products are nearly identical to the claimed design; he overall configuration of Defendants' Infringing Products is substantially identical to the claimed design.

45.    Defendants offer for sale, sell, and import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the Patent. (*See* Exhibit 4, Defendants' Online Storefront).

16

46.     Defendants have infringed the Patent through the aforesaid acts and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions.  Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

47.     Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the Patent, Plaintiff will be greatly and irreparably harmed.

48.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants – **jointly** – as follows:

A. Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 283, and Federal Rules of Civil Procedure 65, against Defendants, their agents, representatives, servants, employees, and all of those acting in concert or participation therewith (including, but not limited, to an injunction prohibiting Defendants from promoting, advertising, distributing, having manufactured, importing, offering for sale, and selling Defendants' Infringing Products).

B. Entry of an Order awarding Plaintiff damages adequate to compensate for the infringement of the Asserted Patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs as

fixed by the Court pursuant to 35 U.S.C. § 284 and that the award be trebled as provided for under 35 U.S.C. § 284.

C.  Entry of an Order finding that this case is exceptional and an award to Plaintiff of its attorneys' fees and costs as provided for under 35 U.S.C. § 285.

D.  Entry of an award of pre- and post- judgment interest on the judgment amount.

E.  Entry of an order for any further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

July 20, 2026                                         Respectfully submitted,

By: */s/ Xiyan Zhang*
Xiyan Zhang
Stratum Law LLC
18 Campus Blvd. Ste. 100
Newtown Square, PA 19073
Phone#(215) 395-8756
Bar# 5052642
xzhang@stratumlaw.com
*Counsel for Plaintiff*

18